UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD TAYLOR,                          )       CASE NO. 1:15CV1743
                                        )
            Petitioner,                 )       JUDGE BENITA Y. PEARSON
                                        )
    v.                                  )       Magistrate Judge George J. Limbert
                                        )
LASHANN EPPINGER,                       )
                                        )       REPORT AND RECOMMENDATION
            Respondent.                 )       OF MAGISTRATE JUDGE
                                        )

        This matter is before the undersigned on a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by Petitioner Edward Taylor ("Petitioner") on August 25, 2015.[1]  ECF

Dkt. #1.  On November 19, 2015, Respondent Lashann Eppinger, Warden of the Grafton

Correctional Institution, located in Grafton, Ohio, filed a motion to dismiss the instant case.

ECF Dkt. #5.  Petitioner filed a response to Respondent's motion to dismiss on February 4, 2016.

ECF Dkt. #7.  Respondent did not file a reply.

        For the following reasons, the undersigned recommends that the Court GRANT

Respondent's motion to dismiss (ECF Dkt. #5) and DISMISS Petitioner's habeas petition (ECF

Dkt. #1) with prejudice.

## I.    FACTUAL AND PROCEDURAL HISTORY

        During the September 2008 term of the Cuyahoga County Grand Jury, Petitioner was

indicted on: two counts of aggravated murder in violation of Ohio Revised Code ("O.R.C.") §§

2903.01(A) and 2903.01(B), both with a mass murder specification and two felony murder

specifications; one count of attempted murder in violation of O.R.C. §§ 2923.02/2903.02(A);

two counts of aggravated robbery in violation of O.R.C. §§ 2911.01(A)(1) and 2911.01(A)(3);

and four counts of aggravated burglary in violation of O.R.C. §§ 2911.11(A)(1) and

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was
handed over to the prison mail system, not the date it was received and docketed by the federal habeas court.
*Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

2911.11(A)(2).  ECF Dkt. #5-1 at 6-14.  All counts against Petitioner also carried two firearm specifications.  *Id.*  Petitioner initially pleaded not guilty, but later changed his plea to guilty as to one count of aggravated murder and one count of attempted murder in exchange for the state's agreement to drop the capital murder specifications.  *Id.* at 15-16; *see State v. Taylor*, 8th Dist. Cuyahoga No. 94569, 2010 WL 4684761 (Nov. 18, 2010).  Petitioner was sentenced to life in prison for the count of aggravated murder, with parole eligibility after thirty years, and ten years for the count of attempted murder, to run concurrently.  ECF Dkt. #5-1 at 16.

Petitioner, represented by counsel, filed a notice of appeal and a motion for delayed appeal on January 25, 2010.  ECF Dkt. #5-1 at 17-24.  The motion for delayed appeal was granted by the Eighth District Court of Appeals on January 29, 2010.  *Id.* at 25.  Petitioner presented the following assignments of error to the Eighth District Court of Appeals:

I.      [Petitioner] was denied due process of law when a single judge accepted the plea of guilty to aggravated murder without convening a three-judge panel.

II.     [Petitioner] was denied due process of law when the court failed to inform [Petitioner] of the effect of his plea of guilty.

III.    [Petitioner] was denied due process of law when the court informed [Petitioner] he would be subject to post-release control for the aggravated murder conviction.

*Id.* at 26-56.  On November 18, 2010, the Eighth District Court of Appeals overruled Petitioner's assignments of error, affirmed the ruling of the trial court, in part, and remanded the case for the limited purpose of deleting post-release control from the sentencing entry.  *Id.* at 70-75. Petitioner then filed an application for reconsideration on November 29, 2010, which was subsequently denied on December 20, 2010.  *Id.* at 76-79.  On January 7, 2011, Petitioner moved for clarification of the decision denying his application for reconsideration.  *Id.* at 80.  The Eighth District Court of Appeals denied Petitioner motion for clarification on January 14, 2011. *Id.* at 82.

On February 16, 2011, Petitioner, still represented by counsel, appealed to the Supreme Court of Ohio.  ECF Dkt. #5-1 at 84.  Petitioner raised the following three propositions of law:

I.      A defendant has been denied due process of law when a single judge
        accepts a plea of guilty to aggravated murder without convening a three-
        judge panel.

II.     A defendant has been denied due process of law when a court fails to
        inform defendant of the effect of his guilty plea.

III.    A defendant has been denied due process of law when a court improperly
        informs a defendant that he would be subject to post-release control for an
        aggravated murder conviction.

*Id.* at 86-98.  The State waived response.  *Id.* at 108.  The Supreme Court of Ohio declined

jurisdiction on April 20, 2011.  *Id.* at 109.

On September 2, 2011, Petitioner, acting *pro se*, filed a "Motion for Specific

Performance [or] Rescission to Avoid Plea Agreement and Set Aside the Agreement" (the

"September 2, 2011 Motion").  ECF Dkt. #5-1 at 110.  In the September 2, 2011 Motion,

Petitioner argued that his plea agreement was invalidated due to the error made by the trial court

in imposing post-release control.  *Id.* at 110-13.  The September 2, 2011 Motion was denied on

November 18, 2011.  *Id.* at 144.  Petitioner appealed on December 12, 2011, raising the

following assignment of error:

I.      A trial court abuses its discretion in denying a defendant's motion to
        rescind a void contract when there is a hard fast rule in place that plea
        agreements are contractual in nature and thus subject to contract law.

*Id.* at 147-58.  The Eighth District Court of Appeals affirmed the trial court's judgment on the

bases that Petitioner had failed to demonstrate manifest injustice and because the claim was

barred by *res judicata* since the court had already rejected Petitioner's claim that his plea was

invalided due to the trial court erroneously informing him that he would be subject to post-

release control.  *Id.* at 172-77.  Petitioner filed a motion for reconsideration, which the Eighth

District Court of Appeals denied on May 31, 2012.  *Id.* at 185.

On July 2, 2012, Petitioner appealed to the Supreme Court of Ohio, raising the following

proposition of law:

I.      Whether a defendant's parol contract plea agreement conducted in open
        court encompasses the protections of due process to specific performance
        or rescission when the inducement voids the contract as against statute
        and/or public policy.

-3-

ECF Dkt. #5-1 at 186-207.  The State waived response.  *Id.* at 208.  The Supreme Court of Ohio declined jurisdiction on September 26, 2012.  *Id.* at 209.

On December 2, 2014, Petitioner filed an application to reopen pursuant to Ohio Rule of Appellate Procedure 26(B) alleging ineffective assistance of appellate counsel.  ECF Dkt. #5-1 at 210-28.  Petitioner asserted that his appellate counsel was ineffective for failing to argue that the trial court did not advise him of his right to compulsory process.  *Id.*  The Eighth District Court of Appeals denied Petitioner's application as untimely as it was filed more than four years after the court's November 18, 2010 decision.  *Id.* at 229-33.  Additionally, the Eighth District Court of Appeals determined that Petitioner did not show good cause for the delay, indicating that Petitioner's lack of knowledge or ignorance of the law did not provide sufficient cause for the untimely filing.  *Id.*  Continuing, the court stated, "[e]ven if we were to find good cause of earlier failures to file, any such good cause has long since evaporated.  Good cause can excuse the lack of filing only while it exists, not for an indefinite period."  *Id.* at 232 (citing *State v. Fox*, 83 Ohio St.3d 514, 516, 700 N.E.2d 1253 (1998)).

Petitioner appealed to the Supreme Court of Ohio on February 12, 2015, raising the following propositions of law:

I.      Appellate counsel was ineffective for not informing [Petitioner] of the App.R.26(B) process while counsel was still representing him.

II.     The appellate court erred in determining ignorance of the law is no excuse.

III.    Appellate counsel was ineffective for not raising the Compulsory Process issue in [Petitioner's] direct appeal.

IV.     The trial court erred to the prejudice of [Petitioner] during the plea hearing when it did not inform him of his constitutional right to "Compulsory Process" thereby failing to "Strictly Comply" with Crim.R.11(C)(2)(c) in violation of Sixth and Fourteenth Amendments to the U.S. Constitution and Article I Section 10 of the Ohio Constitution.

ECF Dkt. #5-1 at 236-51.  The Supreme Court of Ohio declined jurisdiction on April 29, 2015.  *Id.* at 252.

**II.    28 U.S.C. § 2254 PETITION**

Petitioner filed the instant petition for a writ of habeas corpus on August 25, 2015.[2]

Petitioner's habeas petition raised the following ground for relief:

> I.    Appellate counsel was constitutionally ineffective for not raising the compulsory process issue after multiple requests by [Petitioner] to do so, and continued to be constitutionally ineffective for not responding to [Petitioner's] request on how to present the Compulsory Process issue to the appellate court before it makes a decision or after when appellate counsel is expected to inform [Petitioner] under the principles and standards of *Martinez, Trevino, Gunner,* and *Williams.*

ECF Dkt. #1-2 at 4.  Respondent filed a motion to dismiss Petitioner's habeas petition on November 19, 2015.  ECF Dkt. #5.  Petitioner filed a response on February 4, 2016.  ECF Dkt. #7.  Respondent did not file a reply.

**III.    PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of habeas corpus is one year, and it begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).  28 U.S.C. § 2244(d) provides, in part:

> (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct

---

[2]*See* n. 1, *supra*.

review;

(B)    the date on which the impediment to filing created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual precedent of the claim or claims presented could have been exercised through the exercise of diligence.

### B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 22(b) and (c); *See also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v.*

*Million*, 349 F.3d 873, 877 (6ᵗʰ Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6ᵗʰ Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6ᵗʰ Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.     Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).   In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6ᵗʰ Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6ᵗʰ Cir. 1991).  In determining whether a state court has addressed the merits of a

petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

## IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court

-8-

on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.   Decisions of lower federal courts may not be considered.

B.   Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.   The state court decision may be overturned only if:

1.   It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.   the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.   'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.   the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be.  Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey,* 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice."  *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine*, 986 F.2d at 1514.  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility."  *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

-10-

## V.    ANALYSIS

Respondent asserts that Petitioner failed to file his habeas petition within one year pursuant to the statute of limitations imposed by the AEDPA.  ECF Dkt. #5 at 8-11.  Petitioner contends that his failure to meet the one-year statute of limitations imposed by the AEDPA should be ignored because he "continues to seek justice in his case and therefore brought his claim of ineffective assistance of appellate counsel to this court, untimely but that is also due to appellate counsel's ineffectiveness" [sic].  ECF Dkt. #7-1 at 3-4.  Further, Petitioner claims that he has pursued his rights diligently, however, extraordinary circumstances stood in his way that prevented the timely filing of the instant habeas petition.  *Id.* at 4.

Petitioner recognizes that he failed to file his habeas petition within the one-year statute of limitations pursuant to the AEDPA.  ECF Dkt. #7-1 at 3-4.  The Supreme Court of Ohio denied review of Petitioner's direct appeal on April 20, 2011.  ECF Dkt. #5-1 at 109. Accordingly, the statute of limitations began running on July 19, 2011, ninety days after the Supreme Court of Ohio's decision became final due to the closure of the period for properly seeking certiorari from the Supreme Court of the United States.  28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 522, 527 (2003) (internal citations omitted).  On September 2, 2011, forty-four days after the statute of limitations began to run, Petitioner filed his September 2, 2011 Motion, thus tolling the statute of limitations until September 26, 2012, the date the Supreme Court of Ohio declined to review the decision of the Eighth District Court of Appeals regarding the September 2, 2011 Motion.[3]  ECF Dkt. #5-1 at 110, 209; *see* 28 U.S.C. § 2244(d)(2).  Since forty-four days of the statute of limitations had previously expired, Petitioner had 321 days, until

---

[3]During this period Petitioner also filed a motion for reconsideration in the Eighth District Court of Appeals after that court denied his September 2, 2011 Motion.  ECF Dkt. #5-1 at 179.  He filed the motion for reconsideration seven days after the decision of the Eighth District Court of Appeals and thus within the period during which Petitioner could have appealed to the Supreme Court of Ohio.  Thirty-two days after the denial of his motion for reconsideration, Petitioner appealed to the Supreme Court of Ohio.  Accordingly, the AEDPA statute of limitations was tolled throughout this process and did not again begin to expire until the September 26, 2012 decision by the Supreme Court of Ohio.

-11-

August 13, 2013, to file his habeas petition following the September 26, 2012 decision of the Supreme Court of Ohio.

Additionally, Petitioner's December 9, 2014 application to reopen does not toll the statute of limitations. First, this application to reopen was filed after the one-year statute of limitations expired on August 13, 2013. Second, even if the application to reopen was filed prior to the expiration of the statute of limitations, it was determined to be untimely and was thus not a timely application that would toll the statute of limitations for the purposes of 28 U.S.C. § 2244(d)(2). *See* ECF Dkt. #5-1 at 229-33.

The statute of limitations for Petitioner to file his habeas petition expired on August 13, 2013. The instant habeas petition was filed on August 25, 2015, over two years after the expiration of the statute of limitations. *See* ECF Dkt. #1. Petitioner argues that he pursued his rights diligently, but that he faced extraordinary circumstances due to ineffective assistance of appellate counsel. ECF Dkt. #7-1at 4, 9-10. Accordingly, Petitioner asserts that equitable tolling should apply. ECF Dkt. #7-1 at 4; *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal citations omitted). As evidence of his diligence, Plaintiff indicates that he researched and filed what he felt was his only chance to litigate his case, the September 2011 Motion, and that he filed a 42 U.S.C. § 1983 claim because Petitioner believed he must resort to filing a civil suit. *Id.* at 9. Petitioner contends that he "acted with reasonable diligence considering the hurdles he was facing, the biggest being appellate counsel's failure to advise him on how to correctly raise the compulsory process issue after continuing requests." *Id.* at 10.

The fact that Petitioner "went out to research and file what he felt was his only chance to litigate his case," the September 2, 2011 Motion, does not indicate diligence regarding the habeas petition as the September 2, 2011 Motion was timely filed and, in fact, tolled the statute of limitations regarding Petitioner's habeas petition until the Supreme Court of Ohio denied Petitioner's appeal. ECF Dkt. #7-1 at 9. Petitioner still had 321 days following the denial of the September 2, 2011 Motion to act towards filing his habeas petition, yet failed to submit the petition for over two years following the expiration of those 321 days. The fact that Petitioner

-12-

filed a 42 U.S.C. § 1983 claim because Petitioner felt that he had no other option but to file a civil case does not demonstrate that Petitioner exercised diligence in an effort to timely file his habeas petition, as a claim under 42 U.S.C. § 1983 for the violation of a contract is an entirely different matter than pursuing habeas relief. *See id.*  In any event, Petitioner filed his 42 U.S.C. § 1983 case on August 5, 2013, and the case was dismissed on February 20, 2014.  ECF Dkt. #5-1 at 253, 328.  Petitioner's 42 U.S.C. § 1983 case was dismissed approximately eighteen months prior to the date he filed his habeas petition.  Petitioner does not explain how he has diligently pursued habeas relief in the interim.

Finally, Petitioner asserts that the biggest hurdle he faced was his appellate counsel's failure to advise him of how to correctly raise a compulsory process issue.  ECF Dkt. #7 at 10.  Petitioner does not explain how this alleged failure hindered him in filing his habeas petition.  Issues regarding ineffective assistance of counsel are frequently raised in habeas petitions by *pro se* petitioners, and Petitioner fails to show how the alleged ineffective assistance of his appellate counsel presented extraordinary circumstances causing him to file his habeas petition over two years after the statute of limitations had expired.  Petitioner has failed to demonstrate how the alleged ineffective assistance of counsel on direct appeal had any impact on his ability to timely pursue habeas relief.

Petitioner did not exercise due diligence in pursuing a writ of habeas corpus.  The instant habeas petition was filed over two years after the statute of limitations had expired.  The only explanations offered by Petitioner to show his diligence are a reference to the September 2, 2011 Motion, filed in the trial court and ruled upon 321 days before the statute of limitations expired, and civil case filed under 28 U.S.C. § 1983 that was resolved approximately eighteen months prior to the filing of the instant habeas petition.  Petitioner claims that the ineffective assistance of his appellate counsel hindered his ability to file his habeas petition, but fails to demonstrate any way in which the conduct and choices of his attorney on direct appeal had any bearing on his ability to timely file for a writ of habeas corpus. The remainder of Petitioner's arguments go to the merits of his ineffective assistance of counsel claim and need not be addressed as Petitioner

has failed to comply with the statute of limitations imposed by the AEDPA.

**VI.**    **CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court GRANT

Respondent's motion to dismiss (ECF Dkt. #5) and DISMISS Petitioner's habeas petition (ECF

Dkt. #1) with prejudice.

DATE:   April 28, 2016                          */s/ George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).