PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD TAYLOR, | ) | |
| | ) | CASE NO.  1:15CV1743 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| LaSHANN EPPINGER, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 5 and 10] |

Petitioner Edward Taylor, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging one (1) ground for relief

which challenges the constitutional sufficiency of his conviction and sentence for one count of

aggravated murder and one count of attempted murder in Cuyahoga County, Ohio Court of

Common Pleas Case No. CR-07-502904-A.

On September 18, 2015, the case was referred to Magistrate Judge George J. Limbert for

preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.2(b)(2).

After Respondent filed a Motion to Dismiss (ECF No. 5), the Magistrate Judge

submitted a Report and Recommendation (ECF No. 8) on April 28, 2016 recommending that the

motion be granted and the petition be dismissed as barred by 28 U.S.C. § 2244's statute of

limitations.  Petitioner filed Objections to the magistrate judge's Report (ECF No. 10).  This

Court, after reviewing the objections, hereby adopts the Report.

(1:15CV1743)

## I. Facts

On May 26, 2009, Petitioner pleaded guilty to aggravated murder and attempted murder. ECF No. 5-1 at PageID #: 65.  In exchange for the plea, the state, *inter alia*, dismissed capital murder specifications, and the court imposed an agreed life sentence with parole eligibility after 30 years.

In May 2012, the state court of appeals affirmed the trial court's decision denying Petitioner's *pro se* motion to "void his plea contract."  *State v. Taylor*, No. 97690, 2012 WL 1650164 (Ohio App. 8th Dist. May 10, 2012) (ECF No. 5-1 at PageID #: 221-26).  On September 26, 2012, the appeal was not accepted for review by the Supreme Court of Ohio.  *State v. Taylor*, 132 Ohio St.3d 1534 (2012) (ECF No. 5-1 at PageID #: 258).

On December 3, 2014, Petitioner, proceeding *pro se*, filed an application to reopen his appeal pursuant to Ohio App. Rule 26(B) (ECF No. 5-1 at PageID #: 259-67).  He asserted that his appellate counsel was ineffective because he did not argue that the trial court, during the guilty plea hearing, failed to advise Petitioner of his right to compulsory process.  The state appellate court denied the application as untimely.  *State v. Taylor*, No. 94569, 2015 WL 114758 (Ohio App. 8th Dist. Jan. 7, 2015) (ECF No. 5-1 at PageID #: 278-82).

On or about August 25, 2015, Petitioner filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1).[1]  It was received by the Court on August 28, 2015.

_____

[1]  Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his petition on December 26, 2011.  The petition states it was placed in the prison mailing system on August 25, 2015.  ECF No. 1 at PageID #: 13.  For

(continued...)

2

(1:15CV1743)

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).

A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

## III.  Law & Analysis

Petitioner's application is subject to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner had until August 13, 2013 in which to file his federal habeas corpus petition.  The intervening application to reopen his appeal pursuant to Ohio App. Rule 26(B), filed on December 3, 2014 (ECF No. 5-1 at PageID #: 259-67), tolls nothing because the one-year

---

[1](...continued)
purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

3

(1:15CV1743)

limitations period had expired by that point in time.  The tolling provision of 28 U.S.C. § 2244(d)(2) "can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Baublitz v. Hoffner*, No. 14-10768, 2015 WL 400910, at * 3 (E.D. Mich. Jan. 28, 2015) (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).  Petitioner's application to reopen and subsequent appeal from the state appellate court's decision on his application did not revive the limitations period or re-start the clock at zero.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid*, 991 F.Supp. at 259); *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002).

 Petitioner filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) on or about August 25, 2015.  Obviously, he filed more than one year after the time for direct review expired.  Thus, absent tolling, his application is time-barred.  Petitioner, however, does not makes a meritorious demonstration of equitable tolling for the reasons fully articulated by the magistrate judge.  ECF No. 8 at PageID #: 426-27.  The Report (ECF No. 8) carefully and correctly sets out the law governing the issues raised and articulates the reasons underlying the recommendation.

## IV.  Conclusion

Plaintiff's Objections (ECF No. 10) are overruled and the Report and Recommendation (ECF No. 8) of the Magistrate Judge is hereby adopted.  Respondent's Motion to Dismiss (ECF No. 5) is granted.  Edward Taylor's Petition for a Writ of Habeas Corpus is dismissed as barred by 28 U.S.C. § 2244's statute of limitations.  The Court certifies, pursuant to 28 U.S.C. §

(1:15CV1743)

1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no

basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P.

22(b).


      IT IS SO ORDERED.


 September 30, 2016                         /s/ Benita Y. Pearson          
Date                                      Benita Y. Pearson
                                           United States District Judge

5